## STATE vs. MARIANO DE PAOLO.

1. HOMICIDE—"ASSAULT WITH INTENT TO MURDER"—ELEMENTS OF OFFENSE—"ASSAULT".

The offense of "assault with intent to murder" is an "assault", which is an attempt with force and violence to do injury to the person of another, inspired or accompanied by an intent to murder.

2. HOMICIDE—ASSAULT WITH INTENT TO MURDER—"INTENT".

An "intent" to murder, while an essential ingredient of the offense of assault with intent to murder, being entirely a mental operation, may be disclosed by the words of the assailant, or may be inferred from his acts and conduct.

3. HOMICIDE—ASSAULT WITH INTENT TO MURDER—INTENT.

Where a person voluntarily selects a deadly weapon, as a sharp or heavy instrument or firearm, and wilfully uses it against another in an unlawful manner, and in a way and under circumstances that directly tend to great bodily harm, or that imperil human life, the jury may find that he intended the actual and probable consequences of his acts.

4. HOMICIDE—ASSAULT WITH INTENT TO MURDER—ELEMENTS OF OFFENSE.

In order to convict of assault with intent to murder, it is necessary to establish that the prisoner committed the assault with intent to murder the person injured, and it must also be shown that, if the latter had died from the injuries inflicted or attempted, accused would have been guilty of murder.

5. HOMICIDE—"MURDER"—WHAT CONSTITUTES.

"Murder" is the unlawful killing of a human creature with malice aforethought, either express or implied, and is of the first or second degree, as the malice is express or implied.

6. HOMICIDE—"MALICE"—WHAT CONSTITUTES.

"Malice" is the ingredient that characterizes murder, and distinguishes it from homicide of other grades. It is express when admitted or asserted, or may be implied from any unlawful acts of the assailant which in itself denotes a wicked heart fatally bent on mischief, or a reckless disregard of human life.

7. HOMICIDE—MURDER—"IMPLIED MALICE".

Malice, as an element of murder, may be implied from the deliberate selection and use of a deadly weapon, or from any deliberate, cruel act committed by the assailant against his victim, no matter how sudden such act

may be; and whenever such act from which death ensues is proven, unaccompanied by circumstances of justification, excuse, or mitigation, the law presumes that the homicide was committed with malice, and it then devolves on accused to show that the killing was not malicious, and that the act was not murder.

8. HOMICIDE—"MANSLAUGHTER"—WHAT CONSTITUTES.

"Manslaughter" is a homicide distinguished from murder in that it is the unlawful killing of another with malice, as in sudden affray, in the heat of blood, or in a transport of passion, without time for deliberation, reflection, or for the passions to cool.

9. HOMICIDE—ASSAULT WITH INTENT TO MURDER—MANSLAUGHTER.

Where, in a prosecution for assault to murder, the jury found that accused assaulted prosecutor without malice, under such circumstances that, if the latter had died from the injuries received or attempted, accused would have been guilty of manslaughter, and not murder, they could not convict of assault with intent to murder, but only of assault.

10. HOMICIDE—ASSAULT—SELF-DEFENSE.

One has a right to protect his person from assault and injury by opposing force with force, and if in the proper use of that right injury or death results, no crime is committed; but in resisting or repelling an attack the opposing force or measure of defense must not be disproportionate to the exigency, since if more force than is necessary to repel the assault is used, the party using it becomes the assailant, and is guilty, under the rule that the right of self-defense may be used for the purpose of preventing, but not of avenging, an injury.

11. HOMICIDE—ASSAULT AND BATTERY—SELF-DEFENSE—EXTENT.

In defending himself from injury, a person is not obliged to wait until he is struck by an impending blow; for if a weapon be raised in order to shoot or strike, or the danger of other personal violence be imminent, the party in such danger may protect himself by striking the first blow, and when one assaulted on a sudden affray honestly believes, on reasonable and sufficient grounds, that he is in imminent danger of being killed or seriously injured, he may employ a deadly weapon in self-defense; but in exercising such right he must be closely pressed, and when retreat or escape is possible he must retreat as far as he safely can in good faith, with an honest intent to avoid the violence and peril of the assault.

12. CRIMINAL LAW—PRESUMPTIONS—REASONABLE DOUBT.

Since all the presumptions of law independent of evidence are in favor of innocence, and every person is presumed innocent until proven guilty, the burden is on the state to establish the guilt of accused, not by a preponderance of the evidence, but beyond a reasonable doubt.

13. CRIMINAL LAW—TRIAL—"REASONABLE DOUBT".

"Reasonable doubt" is not a mere possible doubt, since everything relating to human affairs is open to some possible or speculative doubt, but is a real and substantial doubt, founded in reason, and such as men of intelligence and discernment may entertain, and, if necessary, be able to express or define, after a careful consideration of all the evidence in the case.

*(May 13, 1912.)*

Judges WOOLLEY and RICE sitting.

*Josiah O. Wolcott,* Deputy-Attorney General, for the state.

*J. Frank Ball* for the defendant.

Court of General Sessions, New Castle County, May Term, 1912.

INDICTMENT (No. 13, May Term, 1912) FOR ASSAULT WITH INTENT TO COMMIT MURDER.

At the trial it was proved that on Sunday afternoon, the third day of March, 1912, one Niglio, the prosecuting witness, rode out from Wilmington, with a companion, to a house in Christiana Hundred where the defendant was; that De Paolo had a grievance against Niglio because of certain things he believed Niglio had said about him; that as soon as Niglio entered the house De Paolo said, "You are the man I am looking for"; took Niglio by the arm, led him outside and began quarreling with him, saying: "You have been talking about me and I want to kill you," and thereupon assaulted and stabbed Niglio with a butcher knife, which he took from his pantaloons, Niglio unsuccessfully attempting to defend himself with a beer bottle, which he happened to have in his hands. Niglio was severely cut on the finger and the left side near the heart. It was also shown that at the preliminary hearing before the justice of the peace when defendant was held for the upper court, that he stated something to the effect that he intended to kill Niglio when he cut him, also that the defendant at another time stated to one witness that if he had just had a sharp knife he would have killed Niglio.

The defense was self-defense and a denial of the alleged admissions of defendant that he intended to kill Niglio.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—[1] The particular act with which the prisoner at the bar is charged is an assault upon one Nicola Niglio, with intent him, the said Niglio, to murder. The particular crime committed by such an act is known to the law as an assault with intent to commit murder, the principal elements of

Charge.

which are, first, an assault, which is an attempt with force and violence to do injury to the person of another, inspired or accompanied, second, by an intent to murder.

[2]  The intent to commit murder is an essential ingredient of the crime, and is the element that distinguishes it from assaults of other grades. Being entirely a mental operation, or rather a design or determination wholly within the mind, the intent to murder, when not disclosed by the words of the assailant, may be gathered and inferred from his acts and conduct.

[3]  When a man voluntarily selects a deadly weapon, as a sharp or heavy instrument or firearm, and wilfully uses it against another in an unlawful manner, and in a way and under circumstances that directly tend to great bodily harm or that imperil human life, the jury may find that he intended murder, for it is a principle of law that every man is presumed to intend the natural and probable consequences of his own voluntary and wilful acts.

[4]  In order to convict the prisoner of the crime of which he is charged, it is not only necessary for the state to prove and for you to find that the prisoner committed the assault, and that he committed it with intent him, the said Niglio to murder, but it must also be shown and you must also find that if Niglio had died from the injuries inflicted or attempted, the prisoner would have been guilty of the crime of murder. Should you find the prisoner guilty of the assault, you must thereafter try this case, and the court must instruct you upon the law, as though death had actually resulted from the assault and as though the prisoner were charged with murder.

[5-7]  Murder is the unlawful killing of a human creature in being with malice aforethought, either express or implied, and is of the first or second degree as the malice is express or implied. Malice is the ingredient that characterizes the crime and distinguishes it from homicide of other grades, and may be express when admitted or asserted, or implied from any unlawful act of the assailant, such as in itself denotes a wicked heart fatally bent on mischief, or a reckless disregard of human life. It may be implied from the deliberate selection and use of a deadly weapon and from any deliberate cruel act committed by the assailant against his

victim, no matter how sudden such act may be, for the law considers that he who does a cruel act voluntarily does it maliciously. And whenever such an act from' which death ensues is proven, unaccompanied by circumstances of justification, excuse or mitigation, the law presumes that the homicide was committed with malice, and it then devolves upon the accused to show that the killing was not malicious and the act was not murder.

If you find that the prisoner not only committed the alleged assault but committed it with intent to murder Niglio, and that if death had ensued, the prisoner would have been guilty of the crime of murder in either the first or second degree, your verdict should be guilty in manner and form as indicted.

[8, 9]  Manslaughter is a homicide distinguished from murder in that it is the unlawful killing of another without malice, as in a sudden affray, in the heat of blood or in a transport of passion, without time for deliberation, reflection or for the passions to cool.  If you find the prisoner committed an assault upon Niglio, without malice, and if Niglio had died from the injuries received or attempted, the prisoner would have been guilty, not of murder, but of manslaughter, you cannot find him guilty of assault with intent to murder, but you may find him guilty of assault only.

[10]  Every display of force exerted by one person toward another does not constitute an assault, nor is every homicide a crime.  The law accords to every one the right to protect his person from assault and injury by opposing force with force, and if, in the proper use of that right, injury or death results, no crime is committed.  But in resisting or repelling an attack, the opposing force or measure of defense must not be disproportionate to the exigency.  All necessary force may be used, but if the force or violence used is greater than is necessary under the circumstances to repel the assault or avert the peril, the party using it in turn becomes the assailant, and is guilty, for the law recognizes the right of self-defense for the purpose of preventing, but not of avenging an injury to the person of the accused.

[11]  In defending himself from injury, a person is not obliged to wait until he is struck by an impending blow, for if a weapon be raised in order to shoot or strike, or the danger of other personal

Charge.

violence be imminent, the party in such danger may protect himself by striking the first blow. And when one is so assaulted upon a sudden affray, and, in the opinion of the jury, honestly believes, on reasonable and sufficient grounds, that he was in imminent danger of being killed or seriously injured, he would have the right to employ a deadly weapon in self-defense. But in exercising such a right at the risk of killing or injuring his assailant, he must be closely pressed by him and when retreat or escape is possible, he must retreat as far as he safely can, in good faith, with an honest intent to avoid the violence and peril of the assault.

Therefore, if you find that the prisoner did not assault the prosecuting witness, but in fact the prosecuting witness assaulted the prisoner, and that the injuries inflicted or attempted by the prisoner upon the prosecuting witness were the result of a proper force exerted by the prisoner in a lawful defense of himself, your verdict should be not guilty.

[12] All of the presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent of crime until proven guilty. It therefore devolves upon the state to maintain its issue and prove the guilt of the prisoner not by the preponderance of evidence, as in civil cases, but beyond a reasonable doubt.

[13] Reasonable doubt is an expression rather well understood but not easily defined. It is not a mere possible doubt, because everything relating to human affairs is open to some possible, imaginary or speculative doubt. It is a real and substantial doubt founded in reason and such as men of intelligence and discernment may entertain, and, if necessary, be able to express or define, after a careful consideration of all the evidence in the case.

If, after considering all of the evidence in the case, and reconciling it where it is conflicting, by giving credit to that which is most worthy of credit and rejecting that which is least worthy of credit, having regard to the intelligence, fairness and bias of the witnesses, you entertain a reasonable doubt of the guilt of the prisoner, that doubt should be resolved in his favor and your verdict should be not guilty.

---
Verdict.
---

Recapitulating, if you find the prisoner did not commit the assault, or that the injuries inflicted by the prisoner were the result of a proper defense of himself in an attack made upon him, your verdict should be not guilty. If, however, you believe that the prisoner did commit the assault, but without an intent to murder, your verdict should be not guilty in manner and form as he stands indicted, but guilty of assault only; and if you believe the prisoner not only assaulted Niglio but that he did it maliciously and with intent to murder Niglio, and that had Niglio died from the injuries inflicted or attempted, the crime would have been murder, whether of the first or second degree is a matter of indifference, your verdict should be guilty in manner and form as he stands indicted.

Verdict, guilty of assault only.